While I agree with the majority's disposition of plaintiff's appeal, I am unable to agree fully with the majority's reasons for reaching that determination, and thus I concur separately.
I agree with the majority's decision to overrule plaintiff's first assignment of error, as plaintiff failed to present evidence to create a genuine issue of material fact regarding defendant's purpose in holding Layman's tapes. The evidence in the record suggests defendant retained the tapes because Layman had not paid defendant for services defendant rendered to Layman. Plaintiff presented no evidence to dispute that reason for retaining the tapes. As a result, plaintiff failed to create a genuine issue of fact concerning defendant's intent to interfere with Layman's relationship with plaintiff.
As to his breach of fiduciary duty claim, plaintiff presented evidence that he was a one-third owner of Vanguard Media, Inc., but was precluded from participating in the operations of the corporation after his termination from Vanguard Productions, Inc. and before dissolution of the corporation. Plaintiff, however, failed to set forth evidence of damages resulting from the alleged breach of fiduciary duty.
While the majority focuses on defendant's affidavit that asserts all commissions have been paid, I see the issue as a return of capital, not payment of commissions. In that regard, Jerry Beck's affidavit asserts that the corporation has no assets. In response, plaintiff states that he believes the corporation has $30,000 in assets. While both statements are self-serving, plaintiff's response is qualitatively insufficient to create a genuine issue of fact, as he states only what he "believes." On that basis, plaintiff fails to overcome the evidence defendant submitted, and therefore the trial court properly granted summary judgment to defendant on plaintiff's breach of fiduciary duty claim.